IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

```
-------------------------------------------------------------X
In re:                                         :    Chapter 7
                                               :
Robert William Cook, Jr.                       :    Case No.  25-19270-MCR
           Debtor.                             :
                                               :
-------------------------------------------------------------X
```

**OBJECTION TO PROOF OF CLAIM #3 (LVNV Funding, LLC)**

**NOTIFY IS HEREBY GIVEN to the above-named creditor that such creditor must file with the Clerk of the Bankruptcy Court, 6500 Cherrywood Lane, Greenbelt MD 20770, a responsive memorandum opposing the objection and a request for a hearing, if desired, unless the claimant wishes to rely solely upon the proof of claim, and mail a copy thereof to the undersigned, within thirty (30) days of the date of service of this objection. A hearing may be held upon the objection, and any response thereto, by the court at the Court's discretion.**

1. Jurisdiction over this matter is proper pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under Title 11 or arising in a case under Title 11.  As a matter concerning the allowance or disallowance of claim, this constitutes a core proceeding. 28 U.S.C. § 157(b)(2)(B).

2. In Proof of Claim 3, LVNV Funding, LLC, claims $426.41, apparently for an alleged credit card debt.

3. The debtor does not owe this debt, and therefore it is unenforceable against the debtor and property of the debtor under 11 U.S.C. § 502(b)(1).

4. The alleged debt, on its face, is time-barred by Maryland's 3-year statute of limitations.  The putative date of last transaction is blank, but the last payment date is shown as 8/16/2004, over 20 years ago, as set forth on the attachment to the proof of claim.

5. Further, the Proof of Claim attaches absolutely nothing to show that Debtor has

any contractual relationship with the putative creditor.  The Proof of Claim attaches only a one-page form that identifies the case and the debtor, all with information publicly available, and simply states the amount allegedly due and the above dates and what purport to be assignment documents.  No contract, no invoices showing the actual charges incurred, and no account history is attached.   The proof of claim does not even say what the alleged charges were.  It does state that the original creditor was First Premier Bank.

      6.      The Proof of Claim does not satisfy Rule 3001(c)(1) in that no writing on which the claim is based is attached.   (If the claimant contends that this is a claim within Rule 3001(c)(4), this Objection shall be deemed to include a request under Rule 3002(c)(4)(B) that the creditor "send a copy of the writing described in (1) to Debtor's counsel within 30 days after the request is sent").   Even if subsection (1) does not apply, subsection (2) requires that "If the debtor is an individual, the creditor must file with the proof of claim: (A) an itemized statement of the principal amount and any interest, fees, expenses, or other charges incurred before the petition was filed."  No such statement was included.  As a result, this claim is subject to the provisions of Rule 3001(c)(3), which provides:

If the debtor is an individual and a claim holder fails to provide any information required by (1) or (2), the court may, after notice and a hearing, take one or both of these actions:

(A) preclude the holder from presenting the information in any form as evidence in any contested matter or adversary proceeding in the case—unless the court determines that the failure is substantially justified or is harmless; and

(B) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

      7.      A proof of claim lacking documentation, even prior to the amendments to Rule 3001, has been held not to be entitled to any presumption of validity under Rule 3001(f).   The

summary attached to this proof of claim does not even satisfy the standard set forth in *In re Josephine McCarthy*, No. 04-10493-SSM (Bankr. E.D. Va., July 14, 2004), citing *In re Henry*, 331 B.R. 813 (Bankr. W.D. Wash. 2004) ((i) a sufficient number of monthly account statements to show how the total amount asserted has been calculated, and (ii) a copy of the agreement authorizing the charges and fees included in the claim). In *McCarthy,* the Court held that a "summary" as here was insufficient:

> The so-called "summary" which eCast has attached is in fact no summary at all: it is simply an extraneous piece of paper that supplies no more information than is already set forth on the face of the claim (i.e., the debtor's name and address, the case number, the account number, and the gross amount claimed). Contrary to the argument made by eCast in its brief, what is required by Rule 3001(c) is not a summary of the debt but a summary of the documents supporting the debt. And the short of the matter is that the eCast exhibit fails even as a meaningful summary of the debt, since it does not break out what amount is principal, what amount is finance charge, what interest rate is being charged, and what "other" charges (such as overlimit fees) are included in the claim, nor does it state over what period the charges were incurred — all information that should be readily available in an age in which credit card accounts are maintained on large and sophisticated computer systems. Even simply attaching a copy of the most recent account statement sent to the debtor prior to the filing of the bankruptcy petition would provide more meaningful information than is set forth in the purported "Account Summary."

*McCarthy* at 11-12.

       8.      The effect of Rule 3001(c)(3) (formerly 3001(c)(2)(D)), precluding the holder from presenting the omitted information, must be to disallow the claim. While prior to 2011 amendment of the Rule, the failure to attach writings to a proof of claim alone did not compel disallowance of the claim, but an unsubstantiated claim was considered facially defective and not entitled to the presumption of validity. *See McCarthy*, *supra*. *See also In re Consolidated Pioneer Mortgage*, 178 B.R. 222 (B.A.P. 9th Cir. 1995); *In re Chain,* 255 B.R. 278 (Bankr. D. Conn. 2000); *eCast Settlement Corp. v. Tran (In re Tran)*, 369 B.R. 312, 318 (S.D. Tex. 2007);

*In re Lindelt Drop Forge Co.*, 111 B.R. 137 (Bankr. W.D. Mich. 1990). Without this presumption, a facially defective claim provides evidence to "dispute its own validity" and should be disallowed upon a general objection. *King*, *supra*. When claims based on a writing are submitted without documentation and without itemization, the purpose of Rule 3001 is subverted as the parties charged with policing the claims process are denied necessary information. *In re Trail Ends Lodge Inc.*, 51 B.R. 209 (D. Vt. 1985). In addition, affording prima facie validity to such claims can only "lead to abuses of the claim system." *Circle J. Dairy*, 112 B.R. at 301. Strict compliance with Rule 3001 is necessary to ensure that an appropriate "sifting process" occurs in the evaluation of claims, otherwise "unmeritorious or excessive claims might dilute the participation of the legitimate claimants." *Gardner v. State of N.J.*, 329 U.S. 565 (1947). Prior to the amendment of the Rules, the creditor could still come forward and prove its claim with competent, admissible evidence, just without the presumption. But in light of the amended Rule, that evidence is now inadmissible. Accordingly, the claim is unenforceable under 11 U.S.C. § 502(b)(1), and Debtor's objection must be sustained.

9. In any event, the Debt is time barred and the Debtor does not owe the money, so the claim must be disallowed.

WHEREFORE, the Debtor respectfully objects to Claim #3 under 11 U.S.C. § 502(b)(1) and requests that it be disallowed in its entirety.

Dated: October 7. 2025.

Respectfully submitted,

  /s/Daniel M. Press
Daniel M. Press
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
dpress@chung-press.com
Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that on the 7th day of October, 2025, the foregoing Objection was served on the Trustee by CM/ECF as follows:

Rebecca A. Herr ecf@ch13md.com

and upon the claimant by first class mail, postage prepaid, addressed as follows:

LVNV Funding, LLC
Attn. Alexica Marche' Thomason, Claims Processor
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding, LLC
CSC-LAWYERS INCORPORATING SERVICE COMPANY, Reg. Agt.
7 ST. PAUL STREET, SUITE 820
BALTIMORE MD 21202

    /s/Daniel M. Press
Daniel M. Press
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800